# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| VANESSA NELSON,<br><br>    Plaintiff(s),<br><br>v.<br><br>WOOD RESIDENTIAL, LLC, et al.,<br><br>    Defendant(s). | Case No. 2:24-cv-00419-ART-BNW<br><br>**Order**<br><br>[Docket No. 20] |

    This case was assigned to the Early Neutral Evaluation (ENE) program, Docket No. 4, and an ENE session has been scheduled for May 15, 2024, Docket No. 9. The ENE program is meant for "employment-discrimination actions" and not for wage-and-hour cases. Local Rule 16-6(a). On April 24, 2024, the Court noted that the thrust of the claims is wage-and-hour related and ordered the parties to make clear if that circumstance rendered it not fruitful to proceed with an ENE. Docket No. 16 at 1 n.1. The Court ordered the parties to file a joint statement regarding their settlement efforts, along with either a joint representation that the early neutral evaluation should proceed as scheduled or a stipulation to vacate the early neutral evaluation. Docket No. 16. A few minutes later, a joint status report was filed seeking to stay the case except for the ENE without indicating that an ENE would not be warranted given the mix of claims in the case. *See* Docket No. 17.

    The Court has now reviewed the evaluation statements for the imminent ENE. It is clear from those statements that the wage and hour issues predominate, and that those issues are impeding a settlement. It is also clear from those statements that there has been no actual settlement demand made to date and that a computation of damages has not been provided. *But*

*see* Docket No. 9 at 3; Local Rule 16-6(f)(1)(H).[1]  Hence, this case is advancing to the ENE in the blind.  Lastly, but significantly, Plaintiff's ENE statement violates the undersigned's order in several ways, including by not providing an initial settlement proposal, *but see* Docket No. 9 at 3, and not identifying Plaintiff's mitigation efforts, *but see id.*

In short, it appears that this case is not amenable to the ENE process and, in any event, that holding the ENE would be futile.  "The evaluating magistrate judge . . . may exempt any case from the early neutral evaluation on the judge's own motion."  Local Rule 16-6(c).  Given the circumstances, the ENE is **VACATED** and this case returns to the normal litigation track.

In light of this order, the motion to extend time for submitting the evaluation statement nunc pro tunc (Docket No. 20) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: May 13, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The Court recognizes that a stay of the case was entered, Docket No. 19, but the undersigned has not been asked (and has not ordered) that the basic requirements for the ENE could be sidestepped.  To the contrary, the undersigned has ordered the opposite.  Docket No. 9.