DEVERIE J. CHRISTENSEN, ESQ.
Nevada State Bar No. 6596
KIRSTEN A. MILTON, ESQ.
Nevada State Bar No. 14401
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Tel: (702) 921-2460
Fax: (702) 921-2461
Email: Deverie.Christensen@jacksonlewis.com
Email: Kirsten.Milton@jacksonlewis.com

*Attorneys for Defendants Wood Residential, LLC, Wood Partners, LLC, and Wood Real Estate Investors, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| VANESSA NELSON<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>WOOD RESIDENTIAL, LLC; WOOD PARTNERS, LLC; WOOD REAL ESTATE INVESTORS, LLC; and DOES 1-50, inclusive,<br><br>　　　　Defendants. | Case No. 2:24-cv-00419-ART-BNW<br><br>**STIPULATION TO STAY DISCOVERY AND VACATE SETTLEMENT CONFERENCE**<br><br>**(FIRST REQUEST)** |

Plaintiff Vanessa Nelson ("Plaintiff"), by and through her counsel, Rafii & Associates, P.C., and Defendants Wood Residential, LLC, Wood Partners, LLC and Wood Real Estate Investors, LLC ("Defendants"), by and through their counsel, Jackson Lewis, P.C., hereby stipulate and agree to (1) stay discovery to **March 24, 2025** pending completion of private mediation and (2) vacate the settlement conference scheduled on January 29, 2025.

　　　　1.　　Plaintiff asserts twelve causes of action in this case. Plaintiff asserts class action claims for failure to pay overtime in violation of NRS 608.018; failure to pay wages for each hour worked in violation of NRS 608.016; and failure to timely pay all wages due and owing in violation of NRS 608.020-050. Plaintiff further asserts a collective action claim for failure to pay overtime

in violation of the FLSA and individual claims for age discrimination, national origin discrimination, hostile work environment harassment, retaliation under Nevada law, retaliation under the FLSA, wrongful termination, intentional infliction of emotional distress, and negligent infliction of emotional distress. ECF No. 1-5.

2. The parties are scheduled to participate in a Settlement Conference for one day on January 29, 2025, through the Court. *See* ECF No. 49.

3. However, given the number, nature, and complexity of Plaintiff's claims, particularly as to the class claims, the Parties believe private mediation will better facilitate resolution as the parties will have greater flexibility to schedule mediation for additional days if necessary.

4. The parties have scheduled private mediation through JAMS with the Honorable Retired Judge Peggy Leen, at JAMS, on January 24, 2025, beginning at 9:00am.

5. In order to conserve their respective resources and focus their efforts on securing a resolution at private mediation, and if reaching a settlement time to prepare necessary written documents and filings, the Parties have agreed to stay discovery until **March 24, 2025** and request the Court grant the stay and also vacate the settlement conference scheduled for January 29, 2025.

6. Courts have broad discretionary power to control discovery. *Little v. City of Seattle,* 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to grant a stay of discovery, a court is guided by the objectives of FRCP 1 that ensures a "just, speedy, and inexpensive determination of every action." *Id.* Courts evaluating the propriety of a stay have cautioned against the use of resources that may be rendered unnecessary, noting the simple, but accurate principle: "Discovery is expensive." *Tradebay, LLC v. eBay, Inc.,* 278 F.R.D. 597, 601 (D. Nev. 2011). It is in light of the mandate of FRCP 1 for which the parties seek a stay of discovery.

7. The parties make the identified request in good faith and not to unduly delay the final disposition of this matter. The parties believe that the requested stay would preserve judicial resources in this matter.

8. Following the private mediation, the Parties will file a Joint Status Report no later than February 15, 2025, to advise the Court if a settlement was reached and the timing necessary to

complete settlement documents prior to dismissal.

9. If a resolution is not reached, Defendants will submit their respective responses to Plaintiff's Complaint by March 25, 2025, the day after the stay expires.

10. This stipulation and order is sought in good faith and not for the purpose of delay.

11. The Parties are not waiving, relinquishing, or otherwise impairing any claim, defense, argument, or other right they may have by virtue of entering into this Stipulation. *See Szanto v. Marina Marketplace 1, LLC*, No. 3:11-cv-00394-RCJ-VPC, 2013 U.S. Dist. LEXIS 168028, at *10 (D. Nev. Nov. 26, 2013).

12. This is the first request for a stay pending completion of private mediation.

Dated this 23rd day of December, 2024.

| RAFII & ASSOCIATES, P.C. | JACKSON LEWIS P.C. |
|---|---|
| */s/ Roberto Montes, Jr.* | */s/ Deverie J. Christensen* |
| Jason Kuller, Esq., Bar No. 1224 | Deverie J. Christensen, Esq., Bar No. 6596 |
| Roberto Montes, Jr., Esq., *(Pro Hac Vice)* | Kirsten A. Milton, Esq., Bar No. 14401 |
| 1120 N. Town Center Drive, Suite 130 | 300 S. Fourth Street, Suite 900 |
| Las Vegas, Nevada 89144 | Las Vegas, Nevada 89101 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED:

_____
United States District Court Judge /
United States Magistrate Judge

Dated: 12/30/2024

3